ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| TRES HERMANOS LLC<br><br>Recurrente<br><br>v.<br><br>COMPAÑÍA DE TURISMO DE PUERTO RICO<br><br>Recurrido | TA2026RA00265 | *Revisión Judicial* procedente de la Compañía de Turismo de Puerto Rico<br><br>Sobre: Reglamento 8856 (Clasificaciones de Alojamiento de la CTPR) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de mayo de 2026.

Comparece Tres Hermanos LLC (Tres Hermanos o parte recurrente) mediante recurso de *revisión judicial*. Solicita nuestra intervención para revocar la determinación de la Compañía de Turismo de Puerto Rico (Compañía de Turismo o parte recurrida), emitida el 13 de marzo de 2026, a través de la cual denegó un endoso promocional solicitado por la parte recurrente.

Por los fundamentos que expondremos, desestimamos el recurso por falta de jurisdicción.

**I.**

En lo que nos concierne, la determinación impugnada fue emitida por la Compañía de Turismo el 13 de marzo de 2026, notificada a Tres Hermanos mediante correo electrónico.[1] Mediante el aludido pronunciamiento administrativo, la Compañía de Turismo denegó un endoso promocional solicitado, al palio del Capítulo VIII del Reglamento Núm. 8856 de 22 de noviembre de 2016, según enmendado, conocido como el *Reglamento de Hospederías de Puerto Rico*. Así las cosas, el 14 de marzo de 2026, Tres Hermanos solicitó la reconsideración de la decisión mediante

---

[1] Véase, Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA), Anejo 3, pág. 1.

correo electrónico.[2] La parte recurrente aduce en su escrito que la Compañía de Turismo "no respondió a la solicitud de reconsideración dentro de 30 días. Bajo el Artículo 3.16 de la LPAU, la falta de respuesta constituye una denegación tácita de la reconsideración, efectiva en o alrededor del 12 de abril de 2026".[3] Ante lo cual, el 20 de mayo de 2026, presentó el recurso de revisión judicial que nos ocupa, en el que argumentó —en suma— que la Compañía de Turismo clasificó erróneamente una propiedad como un alquiler a corto plazo.[4]

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos del alegato de la parte recurrida. Al amparo de la norma procesal, este foro revisor tiene la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

**II.**

**A.**

El Reglamento Núm. 8844 de 3 de noviembre de 2016, según enmendado, conocido como el *Reglamento de Procedimientos Adjudicativos y de Subastas de la Compañía de Turismo de Puerto Rico* (Reglamento Núm. 8844), regula todo lo atinente a la concesión o denegación de licencias, franquicias, permisos y endosos. Con respecto a la denegación de un endoso, el Artículo 11 del precitado Reglamento establece que:

> [t]oda persona a la que la Compañía deniegue la concesión de una licencia, permiso, endoso, autorización o gestión similar, **tendrá derecho a impugnar la determinación de la Compañía por medio de un procedimiento adjudicativo formal** dentro del término de treinta (30) días a partir del depósito en el correo federal de la notificación de la determinación de la Compañía. (Énfasis nuestro). *Reglamento de Procedimientos Adjudicativos y de Subastas de la Compañía de Turismo de Puerto Rico*, Reglamento Núm. 8844, 3 de noviembre de 2016, Art. 11, pág 12.

---

[2] *Id.*, págs. 2-4.
[3] Véase, Entrada Núm. 1 del SUMAC-TA, Recurso de Revisión Judicial, pág. 6.
[4] *Id.*

Los procedimientos adjudicativos se iniciarán mediante la presentación de una orden administrativa, querella, solicitud o petición en la Secretaría de la Compañía de Turismo. *Id.*, Art. 16, pág. 14. Dicha querella, solicitud o petición podrá ser presentada por la propia Compañía de Turismo, por los funcionarios de cualquier agencia o municipio, o por cualquier persona. *Id.*

**B.**

Es harto conocido que la jurisdicción es el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Una sentencia dictada sin jurisdicción es nula en Derecho y, por lo tanto, inexistente. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

**C.**

En consonancia, la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, según enmendado, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), faculta a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación cuando carecemos de jurisdicción.

**III.**

Según mencionado, la parte recurrente solicitó a la Compañía de Turismo la reconsideración de su determinación sobre la denegatoria del endoso en cuestión. La recurrente alegó que la reconsideración no fue atendida por la parte recurrida. Así pues, Tres Hermanos compareció mediante recurso de revisión judicial ante la presunta inacción de la Compañía de Turismo. Sin embargo, según esbozado en el Acápite II de esta *Sentencia*, el Reglamento Núm. 8844, *supra*, prescribe que la persona a quien se le deniegue la concesión de un endoso tiene derecho a impugnarlo a través de un procedimiento adjudicativo formal, que será iniciado mediante la presentación de una querella o solicitud ante la Secretaría de la Compañía de Turismo. Conforme a lo antes señalado, resolvemos que la comparecencia de Tres Hermanos ante este Tribunal resulta prematura, puesto que le correspondía impugnar la denegatoria del endoso en disputa en primera instancia, mediante un procedimiento adjudicativo formal ante la Compañía de Turismo. Por lo tanto, nos vemos impedidos de atender la presente controversia en sus méritos.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de revisión judicial ante nos por falta de jurisdicción, toda vez que fue presentado de manera prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Adames Soto concurre sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones